IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON DEAN LUMLEY,<br>　　　　　Petitioner, | §<br>§<br>§ | |
| V. | §<br>§<br>§ | 3:17-cv-3413-N-BN |
| LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions<br>Division,<br>　　　　　Respondent. | §<br>§<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jason Dean Lumley, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The State filed a response opposing relief, *see* Dkt. No. 19, to which Lumley filed a reply brief. *See* Dkt. No. 20. For the reasons explained below, the Court should deny Lumley's federal habeas petition.

**Applicable Background**

A jury found Lumley guilty of evading arrest, unauthorized use of a motor vehicle, and two counts of an accident involving injury. S*ee* Dkt. No. 15-17 at 130-133. The trial court found the allegations for enhancement to be "true," *see* Dkt. No. 15-19 at 3-10, and sentenced Lumley to fifty years' confinement. *See id*. On December 17,

1

2015, the Tenth Court of Appeals affirmed the judgment, as modified. *See Lumley v. State*, No. 10–15–00267–CR (Tex. App.—Waco December 17, 2015, pet. ref'd), 2015 WL 9256924; Dkt. No. 15-4. The Texas Court of Criminal Appeals ("CCA") refused Lumley's petition for discretionary review on June 29, 2016. *See* Dkt. No. 15-13 at 2.

Lumley filed an application for state writ of habeas corpus claiming constitutionally ineffective assistance of trial and appellate counsel on numerous grounds, and prosecutorial misconduct. *See* Dkt. No. 16-12 at 6-13 – Dkt. No. 16-13 at 1-2. On October 18, 2017, the CCA denied Lumley's application without a written order on the findings of the trial court without a hearing. Dkt. No. 16-5. On November 22, 2017, the CCA withdrew the previous order, *see* Dkt. No. 16-21, then denied Lumley's application for state writ of habeas corpus with a written order. *See* Dkt. No. 16-8.

In his timely-filed federal habeas application, Lumley raises the following grounds for relief:

1. Ineffective assistance of counsel by:

    a. failing to challenge the State's version of facts,

    b. preventing Lumley from testifying,

    c. failing to file a motion to suppress,

    d. failing to call a witness,

    e. failing to raise proper objections,

    f. failing to request jury instruction,

    g. failing to request a limiting instruction,

2

      h. failing to know the law,

      i. failing to raise reasonable suspicion, and

      j. failing to raise certain issues on appeal;

(2) The prosecutor committed misconduct by allowing false and misleading testimony; and

(3) The CCA incorrectly denied his state habeas application based on findings of facts and conclusions of law that were previously vacated by the trial judge.

*See* Dkt. No. 3 at 6-7; Dkt. No. 11. Lumley initially also alleged that his trial counsel was ineffective for failing to raise a violation of the United States Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436, 443 (1966), *see* Dkt. No. 3 at 6; Dkt. No. at 7, but he subsequently withdrew that claim, *see* Dkt. No. 20 at 7.

## Legal Standards and Analysis

I.    Claims

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA

on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under §

4

2254(d), a habeas court must determine what arguments or theories supported or ...
could have supported, the state court's decision; and then it must ask whether it is
possible fairminded jurists could disagree that those arguments or theories are
inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102
(internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir.
2017) (recognizing that Section 2254(d) tasks courts "with considering not only the
arguments and theories the state habeas court actually relied upon to reach its
ultimate decision but also all the arguments and theories it could have relied upon"
(citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule
application was unreasonable requires considering the rule's specificity. The more
general the rule, the more leeway courts have in reaching outcomes in case-by-case
determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And
"even a strong case for relief does not mean the state court's contrary conclusion was
unreasonable." *Id*. at 102. The Supreme Court has explained that, "[i]f this standard
is difficult to meet, that is because it was meant to be," where, "[a]s amended by
AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation
of claims already rejected in state proceedings," but "[i]t preserves authority to issue
the writ in cases where there is no possibility fairminded jurists could disagree that the
state court's decision conflicts with this Court's precedents," and "[i]t goes no further."
*Id*. Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state
prisoner must show that the state court's ruling on the claim being presented in federal

5

court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s]

6

the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a Section 2254 petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on

to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

### A. Ineffective Assistance

Lumley makes numerous claims of ineffective assistance of trial and appellate counsel. The Court reviews claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See id.* at 687-88. A petitioner must prove entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

[B]ecause of the risk that hindsight bias will cloud a court's review of

8

> counsel's trial strategy, "a court must indulge a strong presumption
> that counsel's conduct falls within the wide range of reasonable
> professional assistance; that is, the defendant must overcome the
> presumption that, under the circumstances, the challenged action
> might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting Strickland, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a

9

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

10

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland. See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ____, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

### A.  Failure to challenge state's version of facts

Lumley argues that his trial counsel provided ineffective assistance by "accepting the states version of facts." *See* Dkt. No. 11 at 3. The entirety of his argument states,

> trial counsel failed to respond to said issue in his affidavit and the state should not be able to argue this issue. As the state's own witness admitted [Lumley] did not run a stop sign. Therefore Petitioner's trial lawyer should not have admitted to a[n] offense that did not happen. State's finding is contrary to federal law used in Petitioner's writ of habeas corpus 11.07.

Dkt. No. 11 at 3-4. Lumley's petition and memorandum in support provide no further information or citations to the record in support of this bare-bones and vague allegation. He does not explain the significance of his counsel alleged acceptance of the facts as presented by the prosecution. Presenting only "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). In his reply brief, Lumley identifies the state's witness he refers to in his memrandum as "Mr. Crawford," and cites to the state court trial record where Mr. Crawford testifies that Lumley did not run a stop sign.

Lumley appears to claim that, because Mr. Crawford testified that Lumley did not run a stop sign, the police could not have used that traffic violation as probable cause to pursue and ultimately attempt to make a traffic stop of Lumley. But police officers testified that, in addition to running a stop sign, they also observed him fail to properly signal a turn, *see* Dkt. No. 15-23 at 37, 139; Dkt. No. 15-24 at 111-112, and

unlawful acceleration, *see* Dkt. No. 15-24 at 114, and that this gave them the justification to attempt to make a traffic stop of Lumley, *see* Dkt. No. 15-23 at 38; Dkt. No. 15-24 at 112, 114.

While the information in Lumley's reply brief adds a bit more substance to his argument, he still fails to demonstrate he qualifies for relief. He has not "affirmatively prove[n]" that he was prejudiced by his counsel's alleged deficient performance. *Id.* at 693. Thus, he has failed to demonstrate his counsel provided ineffective assistance. *See id.* at 687, 692.

**B.    Failure to allow Lumley to testify**

Lumley asserts his trial counsel was ineffective for "refusing to let [him] testify on his own behalf." *See* Dkt. No. 11 at 4. This claim is properly alleged as a claim of ineffective assistance of counsel. *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) ("When a defendant argues that his counsel interfered with his right to testify, the appropriate vehicle for such claims is a claim of ineffective assistance of counsel under *Strickland*.") (internal quotations omitted). But again, "conclusory allegations" are insufficient to meet the *Strickland* test. *See Miller*, 200 F.3d at 282. In this case, Lumley provides only a conclusory allegation that counsel prevented him from testifying. *See* Dkt. No. 3 at 6; Dkt. No. 11 at 4. He provides no support from the record for this claim and states only that "[t]he right to testify can only be waived by defendant, and the defendant did not waive this right." *See id.* This bare claim, unsupported by evidence from the record, is insufficient. *See Miller*, 200 F.3d at 282; *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (stating "[m]ere conclusory

statements do not raise a constitutional issue in a habeas case.").

### C. <u>Failure to file motion to suppress</u>

Lumley argues that his trial counsel was ineffective for "failure to file motion to suppress." *See* Dkt. No. 11 at 4. Specifically, he states that his counsel "was bringing a 38.23, fruit of a poisonous tree issue before the court ... and in such, trial counsel should have filed a motion to suppress under such issue." *See* Dkt. No. 11 at 4. He provides no further argument, or discussion on the matter, other than to claim that "the State's response and conclusion is contrary to federal law." *See id.*; Dkt. No. 3 at 6. He does not identify what evidence he believes his counsel should have sought to suppress.

A petitioner alleging ineffective assistance of counsel with respect to a claimed Fourth Amendment violation must show that the Fourth Amendment challenge is meritorious. *See Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) ("For Evans to demonstrate deficient performance, he must at a minimum show that the evidence would have been suppressed if objected to.") (internal citation omitted); *see also Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.").

Lumley fails to meet his burden. He does not allege, much less demonstrate, that, had his counsel filed a motion to suppress, it would have been granted, or that

14

there was a reasonable probability that his verdict would have been different, had any motion to suppress been granted at his trial. Thus, this claim must fail. *See Morrison*, 477 U.S. at 375.

### D. Failure to call witness

Lumley claims trial counsel was ineffective for "fail[ing] to subpoena and call witness." *See* Dkt. No. 3 at 6; Dkt. No. 11 at 4. Although Lumley makes this general claim, he does not identify any specific witness his counsel failed to subpoena, or call, much less how he was prejudiced by the alleged failure. *See id.* This conclusory argument is insufficient to provide habeas relief. *See Miller*, 200 F.3d at 282; *Schlang*, 691 F.2d at 799; *Woods*, 870 F.2d 285, 288 n.3. In his reply brief, Lumley states, for the first time, that "failure to call Mrs. Lumley is not speculative, and what she would have said under oath was put in an affidavit and filed with the Courts as Exhibit 'A', filed with Petitioner's 11.07, and should be part of the record." *See* Dkt. No. 20 at 3. Courts may decline to consider ineffective assistance of counsel claims asserted for the first time in a reply. *See Bonds v. Quarterman*, No. 4:07-CV-674, 2008 WL 4367294, at *3 n. 1 (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also United States v. Cervantes*, 132 F. 3d 1106, 1111 (5th Cir. 1998).

Even if considered, however, the claim lacks merit. A petitioner who alleges ineffective assistance of counsel for failing to call a witness must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538

(5th Cir. 2009). Lumley does not show that his mother was available to testify, or would have done so, or the content of her proposed testimony. *See* Dkt. No. 20 at 3. This is insufficient to demonstrate counsel provided ineffective assistance. *Day*, 566 F.3d at 538. Even taking into account the affidavit Lumley cites in his State habeas application does not benefit him. In that affidavit, Lumley's mother refutes what she believes was trial testimony claiming her home was used as a "drug house." *See* Dkt. No. 16-17. The information provided in the affidavit does not pertain to Lumley's defense against his charges of evading arrest, accident causing injury, or unauthorized use of a vehicle. *See id*. Thus, Lumley cannot demonstrate his counsel was ineffective for failing to call his mother. *See Day*, 566 F.3d at 538.

### E. Failure to object

Lumley argues, generally, that his trial counsel was ineffective for failing to "properly" object. *See* Dkt. No. 3 at 6; Dkt. No. 11 at 4. He does not elaborate further, other than stating that "the proper way to object was set out by the Supreme court in *Penny v. Counsel*, 106 C. Ct. 834, 88 L. Ed 2d 805 (1986)," and claiming "trial counsel does not do this or move for mistrial, which is contrary to Federal and Supreme Court law and rulings." *See* Dkt. No. 11 at 4. Lumley has failed to adequately brief the issue. *Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982) (stating that conclusory claims are insufficient to entitle a habeas corpus petitioner to relief). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ... mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross*

16

*v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293

F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an

argument adequately, it is considered waived).

Petitioner also alleges his attorney provided ineffective assistance by "failing to

object to a C.D. statement that contains extraneous acts or offenses," *see* Dkt. No.11 at

4, and by failing to object to "an absolutely disqualified juror." *See id.* at 5. Regarding

the "C.D. statement," at trial, the prosecution entered into evidence a compact disc

recording of a conversation between a detective Dockery and the Petitioner. *See* Dkt.

No. 15-24 at 32-33. The entire contents of the disc were entered into evidence even

though portions of the recording apparently contained information regarding

extraneous information about Lumley. *See id.* at 91-99. Lumley's counsel did not object

to the admission of the recording. *See id.* at 99. However, Lumley fails to demonstrate

that he was prejudiced by his counsel's alleged deficient performance. He only posits

that had his counsel "objected to [the] inadmissible evidence *its possible* said evidence

would have been thrown out and the state case would have been moot." *See* Dkt. No.

11 at 4 (Emphasis added). He has not shown that such objections would have resulted

in a different outcome at trial. *See Strickland*, 466 U.S. at 692. Furthermore, Petitioner

provides no evidence from the record to show that the jury relied on, or even reviewed

the contents of the disk in determining the verdict. He fails to "affirmatively prove

prejudice." *Id.* at 693.

Regarding petitioner's claim that his counsel "fail[ed] to object to an absolutely

disqualified juror," he fails to identify the juror, explain why the juror was not

17

qualified, or on what basis his counsel should have objected. *See* Dkt. No. 11 at 5-6. He fails to present anything more than a conclusory allegation. This insufficient for habeas relief. *Smallwood*, 73 F.3d at 1351 (quoting *Ross*, 694 F.2d at 1011-12); *Lookingbill*, 293 F.3d at 263. To the extent Lumley claims that "the State not following their own procedures left the Petitioner to be tried by an illegal jury," *see* Dkt. No. 11 at 6, alleged violations of state law are not cognizable on federal habeas review. This court may only consider whether petitioner's federal constitutional rights have been violated. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (stating that "federal habeas corpus relief does not lie for errors of state law").

### F. Failure to request jury instruction

Petitioner claims that his trial counsel was ineffective for "fail[ing] to request jury instruction under [Texas] Code [of] Criminal Procedure Article 38.23." *See* Dkt. No. 11 at 5. Article 38.23 states that "[n]o evidence obtained by an officer ... in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused" at trial. TEX. CODE CRIM. PROC. art. 38.23(a). To be entitled to a jury instruction under article 38.23(a), the defendant must meet three requirements: "(1) [t]he evidence heard by the jury must raise an issue of fact; (2) [t]he evidence on that fact must be affirmatively contested; and (3) [t]hat contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence." *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). There must be a genuine dispute about a material issue of historical fact before an article 38.23

instruction is warranted. *Id.*

Here, Petitioner fails to demonstrate he meets the three requirements entitling him to the instruction. He states, with no further explanation, that he "was due a jury instruction [under Article 38.23] because there was a factual dispute." *See* Dkt. No. 11 at 5. This vague statement is insufficient to qualify for the instruction. *See Madden*, 242 S.W. 3d at 509-10. And because Petitioner fails to demonstrate he qualified for a jury instruction under article 38.23, he also fails to demonstrate that his counsel was ineffective for failing to request the instruction. *See Strickland*, 466 U.S. 687 (stating that for a successful claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense).

### G. **Failure to request limiting instruction**

Although Lumley labels this claim as "failing to request a limiting instruction," *see* Dkt. No. 11 at 6, he provides no support from the record for this singular statement. He fails to identify any evidence from the record to demonstrate that a limiting instruction was necessary, or that his trial counsel failed to request one. His bare claim is insufficient for relief. *See Smallwood*, 73 F.3d at 135 (quoting *Ross*, 694 F.2d at 1011-12 (5th Cir. 1983); *Lookingbill*, 293 F.3d at 263. Furthermore, this claim also fails because Lumley wholly fails to demonstrate any prejudice from his counsel's supposed deficient performance. *Strickland*, 466 U.S. at 693.

### H. **Failure to know the law**

Like many of the prior claims, Lumley provides no support for his general

statement that his trial counsel "fail[ed] to know and argue applicable law." *See* Dkt. No. 11 at 6. He provides no explanation of this general claim. He fails to provide any evidence from the record to demonstrate his counsel's alleged deficient knowledge, nor does he direct the Court to any evidence to show his counsel failed to 'argue applicable law.' *See id.* Lumley only cites to Supreme Court and Fifth Circuit case law for the proposition that government agencies and departments should follow their policies and procedures. He then concludes that the "Navarro County sheriff's department and Corsicana police did not [follow their own procedures]." *See id.* Lumley's argument is vague, conclusory and insufficient to provide habeas relief. *See Miller*, 200 F.3d at 282; *Schlang,* 691 F.2d at 799; *Woods*, 870 F.2d at 288 n.3. Furthermore, he fails to allege, much less to "affirmatively prove prejudice." This is fatal to his claim. *See Strickland*, 466 U.S. at 693.

## I. Failure to raise reasonable suspicion

Petitioner also makes an unsupported claim that his trial counsel was ineffective by failing to argue that the police lacked reasonable suspicion to detain or arrest him. *See* Dkt. No. 11 at 7. He does not offer any evidence from the record to support this cursory claim. He states that in his counsel's affidavit submitted in the state habeas proceedings, counsel did not address this claim. Petitioner fails to show that counsel's performance fell below an objective standard of reasonableness, *see Strickland*, 466 U.S. at 687-88, or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, he has failed to demonstrate his counsel provided ineffective assistance. *See*

*id.* at 687, 692.

### J. Failure to raise issues on appeal

Lumley argues that his appellate counsel was ineffective for not arguing on appeal that the trial court abused its discretion when it refused to allow Lumley's trial attorney to cross-examine police officers on their department's policy. *See* Dkt. No. 11 at 7-8.

"The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)). Counsel has a professional duty to choose among potential issues, according to his or her judgment as to their merit and his or her tactical approach to maximize the likelihood of success on appeal. *See Jones*, 463 U.S. at 752. Thus, in order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal was objectively unreasonable. *See United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (citing *Strickland*, 466 U.S. at 687). Lumley however fails to demonstrate that his counsel's decision was objectively unreasonable. He argues without further support that the trial judge's refusal to allow defense counsel to cross-examine the police on their departmental policies deprived him of "a meaningful opportunity to present a complete defense, an infringement of his Confrontation clause and due process." *See* Dkt. No. 11 at 8. However, Lumley fails to show how the decision not to raise this issue on appeal was objectively unreasonable. This is insufficient. *See Conley*, 349 F.3d at 841.

21

And Lumley fails to show how his attorneys' supposed deficient performance on this claim prejudiced him. He fails to allege, much less, to "affirmatively prove" that he was prejudiced by his counsels' alleged failure to raise this claim on appeal. This is insufficient to provide relief. *See Strickland*, 466 U.S. at 693.

Lumley additionally argues that his appellate counsel was ineffective by failing to argue on appeal that the trial court abused its discretion when it did not "*sua sponte* excuse an absolute disqualified juror." *See* Dkt. No. 11 at 8. He provides no support to demonstrate that his appellate attorney was deficient regarding this claim. He argues that the trial court abused its discretion by not excusing "an absolute disqualified juror," and this "denied [Lumley] a fundamental right, as well as his right to a fair trial." *See id.* Thus, he argues, appellate counsel should have raised the issue on appeal. *See id.* As with the prior claim, Lumley's cursory argument fails to demonstrate that his appellate counsel's decision not to raise the issue on appeal was objectively unreasonable. Thus this claim must fail. *See Conley*, 349 F.3d at 841.

Furthermore, even if Lumley could demonstrate counsel was deficient for failing to raise this claim on appeal, he fails to show that he was prejudiced by the action. He states, in conclusory fashion, that he "suffered substantive prejudice due to trial lawyer's failure to object, when [the] court abused [its] discretion and as such [his] appellate counsel should have filed [an appeal for] abuse of discretion." *See* Dkt. No. 11 at 8. He fails to affirmatively prove that he was prejudiced by any alleged action of his appellate counsel, and this claim should be denied. *See Strickland*, 466 U.S. at 693.

Petitioner next avers that his appellate counsel provided ineffective assistance

by not raising on appeal a sufficiency-of-the-evidence claim. *See* Dkt. No. 11 at 9. He does not elaborate on what he believes to be insufficient with regard to the evidence. *See id.*

Petitioner fails to make the required showing that his appellate counsel's decision not to raise this issue was objectively unreasonable. *See Conley*, 349 F.3d at 841. He states, without support, that his counsel was ineffective on appeal "for fail[ing] to raise evidence was legally insufficient to support conviction." *See* Dkt. No. 11 at 9. Again, his mere claim, unsupported by evidence from the record, is insufficient. *Miller*, 200 F.3d at 282; *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (stating "[m]ere conclusory statements do not raise a constitutional issue in a habeas case."). His claim fails to demonstrate that his appellate attorney was deficient for not raising this claim on appeal and thus fails to provide Petitioner with relief. *See Strickland,* 466 U.S. at 687

Furthermore, even if Petitioner could demonstrate his counsel was deficient for failing to raise this claim on appeal, he has failed to show that he was prejudiced by the action. Petitioner does not even allege prejudice. Thus, this claim should be denied. *See id.* at 693.

## IV. PROSECUTORIAL MISCONDUCT

Lumley alleges the prosecutor violated his right to due process by allowing perjured testimony at trial. Specifically, he alleges that, at trial, Detective Dockery committed perjury when he testified that Lumley had informed him that he was a drug dealer, and that the prosecutor failed to correct the testimony. *See* Dkt. No. 11 at 9.

Prosecutorial misconduct may "so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (citation and internal citation omitted). To demonstrate a due process violation in allegations of a prosecutor's use of perjured testimony, a petitioner must prove (1) the testimony in question was actually false, (2) the prosecutor was aware of the perjury, and (3) the testimony was material. *See Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996).

But perjury is not established by mere contradictory testimony from witnesses, inconsistencies within a witness' testimony, and conflicts between reports, written statements, and the trial testimony of prosecution witnesses. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Rather, it "merely go[es] to the credibility of the witnesses, an area within the province of the jury." *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989).

Here, Petitioner fails to demonstrate a due process violation. He does not suggest that he has any evidence to support his claim of perjured testimony. He only denies that he told Detective Dockery he was a drug dealer. This type of inconsistency is not sufficient to demonstrate the detective committed perjury. *See Koch*, 907 F. 2d at 531.

Because Petitioner fails to show Detective Dockery committed perjury, he necessarily also fails to demonstrate the prosecutor violated his right to due process

24

through the knowing use of perjured testimony at trial. *See Faulder*, 81 F.3d at 519.

Moreover, the CCA denied this allegation in the state habeas proceedings. And Lumley fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the United States Supreme Court, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F. 3d 1221, l224-25 (5th Cir. 1997). As such, Lumley fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98..

## V. STATE HABEAS COURT ERROR

Lumley claims the CCA erred in his state habeas proceedings by relying on findings of facts and conclusions of law from the trial court judge that had been withdrawn eleven days prior to the CCA denying his state habeas application. See Dkt. No. 11 at 9-10. It is well settled that "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir.1984); *see also, Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted).

And Petitioner's claim is factually incorrect. On October 18, 2017, the CCA initially denied Petitioner's state habeas application without written order on the findings of the trial court without a hearing. *See* Dkt. No. 16-5. But, on November 22,

2017, after determining that the "Findings of Fact and Conclusions of Law signed by the habeas judge had been vacated," it issued an order "withdraw[ing], *sua sponte*, [the] previous order of denial based on the trial court's Findings of Facts and Conclusions of Law," *see* Dkt. No. 16-21, and issued an order denying the state habeas application "with written order." *See* Dkt. No. 16-8. Therefore, this claim should be denied.

## VII. RECOMMENDATION

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 3, 2019

26

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE